United States District Court
Western District of Wisconsin

| | |
|---|---|
| Christopher A. Blake, Plaintiff, | Case No.: **17 C 220** |
| vs | Verified Complaint |
| Candace Warner, HSM, Lynn Dobbert, RN, ~~[illegible]~~, Stacey Holmes, RN, ___, Toni Johnson, RN, Angela Stetter, RN, [illegible] and Warden Timothy Douma, Secretary of the WDOC Edward Wall, John Doe, Jane Doe, sued in their individual and official capacities, Defendants | Jury Trial Demanded |

Complaint Under the Civil Rights Act, 42 U.S.C § 1983

## I. Jurisdiction

1.

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation under color of state law, of rights guaranteed to the plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution, by the defendants under color of law in their official and individual capacities, for operating outside the scope of their lawful authority. The court has jurisdiction under 28 U.S.C. 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. 2201 and 2202. Plaintiff requests trial by jury seeking compensatory and punitive damages, suit tax, court costs, and attorney fees.

II Place of Present Confinement

2. Plaintiff, Christopher A. Blake #217339 is confined at Redgranite Correctional Institution, 1006 County Road EE - P.O. Box 925, Redgranite, WI 54970

III Exhaustion of Legal Remedies

3. Plaintiff Blake filed an offender complaint (I.C.E.) and properly followed

2.

Wisconsin Department of Correction(DOC) prisoner grievance procedures available to him. The plaintiff has filed two grievances about his medications and treatment pertaining to this action, as well as Notice of Claim certified mailed, return receipt, to the Wisconsin Attorney General. (See Exhibits 1 thru 3)

IV  Parties

4. PLAINTIFF, Christopher A. Blake #217339 (hereinafter "BLAKE") was incarcerated at New Lisbon Correctional Institution during the events described in this complaint. BLAKE is currently confined at Redgranite Correctional Institution, 1006 County Road EE - P.O. Box 925, Redgranite, WI 54970.

5. DEFENDANT Candace Warner is employed as the Health Service Manager at the New Lisbon Correctional Institution and is sued in her individual capacity, and official capacity.

6. DEFENDANT Lynn Dobbert is employed as a Registered Nurse(RN) at the New Lisbon Correctional Institution and is sued in her individual capacity, and official capacity.

3.

7. DEFENDANT Stacey Holmes is employed as a Registered Nurse (RN) at the New Lisbon Correctional Institution and is sued in her individual capacity, and official capacity.

8. DEFENDANT Toni Johnson is employed as a Registered Nurse (RN) at the New Lisbon Correctional Institution and is sued in her individual capacity, and official capacity

9. DEFENDANT Angela Stletter is employed as a Registered Nurse (RN) at the New Lisbon Correctional Institution and is sued in her individual capacity, and official capacity.

10. DEFENDANT Warden Timothy Douma is employed as Warden at the New Lisbon Correctional Institution and is sued in his individual capacity and official capacity.

11. DEFENDANT Edward Wall is employed as Secretary of the Wisconsin Department of Correction in Madison Wisconsin and is sued in his individual capacity and official capacity.

12. DEFENDANT John Doe is employed at

4.

the New Lisbon Correctional Institution and is sued in his individual capacity and/or official capacity.

13. DEFENDANT Jane Doe is employed at the New Lisbon Correctional Institution and is sued in her individual capacity and/or official capacity.

## I PRELIMINARY STATEMENT

14. BLAKE claims that prison officials are obligated under the Eighth Amendment to provide prisoners with adequate medical care. This principle applies regardless of whether the medical care is provided by governmental employees or by private staff under contract with the government and constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. A medical need is considered serious if it causes pain, discomfort, or threat to good health.

14a. BLAKE provides proof of deliberate indifference and negligence by direct or by circumstantial evidence herein as Exhibits __1__ thru __13__.

## VI  PREVIOUS LAWSUITS

15. BLAKE has not begun any other lawsuits in state or federal court relating to the same facts involved in this action.

16. BLAKE has not begun any other lawsuits in state or federal court relating to his imprisonment.

## VII  STATEMENT OF CLAIM

### DELIBERATE INDIFFERENCE CLAIM

17. Prison officials and Health Service staff violated BLAKE'S Eighth Amendment rights when they were diliberately indifferent to his safety and serious medical needs. In January of 2013 BLAKE was diagnosed with Churg-Strauss syndrome. (See Exhibits 4,3). He was diagnosed by specialist physicians of the University of Wisconsin hospital in Madison. (See Exhibit 4). After BLAKE'S diagnoses and recovery he was sent back to New Lisbon Correctional in February 2013. (See Exhibit 4). Prison officials and Health Service staff were clearly aware of the seriousness of his disease. Prison officials and Health Service staff failed to adhere

6.

to the specialist physicians medication orders preventing inflammations of BLAKE's disease.

17a. BLAKE has two (2) documented inflammations.

17b. BLAKE states briefly, as possible, the facts of his case.

18. Number (1).

On February 5th, 2014 BLAKE was sent to the ER at BLACK RIVER FALLS hospital. This was due to inflammation of his disease. The physician, Dr. Jeffery, ordered nebulizer treatments. Dr. Jeffery also ordered a Prednisone boost of 60mg and an antibiotic of Clindamycin for 10 days.

18a. Upon BLAKE's return to New Lisbon Correctional he was given the Prednisone but only a 5 day supply of Clindamycin. BLAKE was informed that the other 5 day supply of Clindamycin would be ordered. This all took place at Health Services Unit at New Lisbon Correctional. (See Exhibits 1,5,6)

19. On February 11th 2014 BLAKE submitted a DOC-3035C refill form for the remainder of Clindamycin which was recieved by RN Toni Johnson on February 12th 2014.

19a. BLAKE recieved the DOC-3035C form back on February 13th 2014 stating there was "No current order" by RN Toni Johnson
7.

This slip was signed by RN Toni Johnson. (See Exhibit 5).

20. On February 14th 2014 BLAKE submitted a DOC-3035 request form to see Health Services about his medications. It was recieved on February 15th 2014 by RN Angela Stetter.

20a. BLAKE was finally seen by RN Angela Stetter on February 17th 2014. RN Angela Stetter referred BLAKE to the New Lisbon Correctional Dotor, Dr. Lewandoski. Dr. Lewandoski immediately ordered Levaquin a different antibiotic to help BLAKE with inflammation of his disease. BLAKE was told by Dr. Lewandoski that the order of Clindamycin by Dr. Jeffery was never ordered. (See Exhibits 6, 7)

21. Number (2)
On March 10th 2014 BLAKE submitted a DOC-3035C refill form for Montelukast. Montelukast is for BLAKE's Churg-Strauss syndrome. The form was recieved March 11th 2014 by Health Services Unit. Montelukast was "Ordered; will send when recieved" This was signed by Toni Johnson RN on March 14th 2014. BLAKE only had 6 doses left of Montelukast when first submitted (See Exhibit 8). On March 16th 2014

8.

22. BLAKE took his last dose of Montelukast. By March 18th 2014 BLAKE had not recieved his Montelukast. BLAKE's lungs started filling with mucus. On March 19th BLAKE submitted a DOC-3035 request form stating the problems he was having with his lungs. On March 20th the form was recieved and signed by RN Angela Stletter. (See Exhibit 9 ). BLAKE was seen by Dr. Lewandoski. BLAKE was immediately sent to the ER at Mile Bluff hospital in Mauston. BLAKE's breathing had demihised. BLAKE was drowning in his mucus. BLAKE was treated at Mile Bluff by physician Charles Grannis Coffey and was given Budesonide and albuterol Sulfate multiple times. Dr. Coffey ordered increased dose of prednisone 60mg and "Resume taking montelukast when it is available." (See Exhibits 10,11). BLAKE finally recieved montelukast March 22nd 2014. (See Exhibit 12 )

VIII Legal Theory or Legal Authorities (B)

23. The Eighth Amendment provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment is applicable to

9.

prisoners confined in state institutions pursuant to Fourteenth Amendments. See Robinson v. California, 370 U.S. 660 (1962). In Estelle v Gamble, 429 U.S. 97 (1976), the United State Supreme Court outlined the requirements for a section 1983 claim alleging cruel and unusual punishment.

24. The Estelle Court concluded that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain prescribed by the Eighth Amendment" Id. At 104 (Citation omitted.)

25. BLAKE alleges that the defendants never attempted to manage or prevent further inflammations with BLAKE's Churg-Strauss syndrome

26. BLAKE alleges that the defendants failed to educate themselves and other staff in accordance with Mayo Clinic protocols, and specialist physician orders by not providing information on the symptoms, prevention, and treatment of Churg-Strauss syndrome. (See Exhibits 1, 4, 6, 11, 12, 13)

27. BLAKE also contends he has been denied treatment for his serious medical needs, in violation of the Eighth Amendment, because he was hospitalized or treated only caused by defendants not ordering medications

needed for his Churg-Strauss disease.

28. The court can conclude that BLAKE's pleadings show that the defendants recognized his condition as serious. The defendants simply disregarded orders given by physician specialist to treat BLAKE's Churg-Strauss syndrome. Violating the equal protection clause of the Eighth Amendment. BLAKE does allege physical harm and mental anguish has been so severe that it has caused his physical condition to deteriorate and hasten his death. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (For a prison official to be liable of deliberate indifference under the Eighth Amendment, the official must "know of and disregard and excessive risk to inmates health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.") Id. At 837, 114 S. Ct. 1970

29. Accepting the allegations of BLAKE's complaint as true, he also establishes that the defendants knew of his Churg-Strauss disease, through specialist physicians and his filing of prison grievances challenging his medical treatment.

30. The court can conclude that BLAKE's complaint presents facts from which fact finders

11.

could infer that the defendants of a substantial risk of harm to BLAKE's well being. Also:

31. BLAKE placed some defendants on notice of his complaints by following administrative remedy procedures. Others are on notice by virtue of their official positions. BLAKE further claims that it was within each defendants individual and official capacities to intercede to enforce the orders set out by ER physicians and specialist physicians to treat BLAKE's Churg-Strauss Syndrome. Instead all have disregarded them.

32. BLAKE further alleges that the failure of supervisory personnel to take action against the defendants through administrative remedy procedures BLAKE pursued demonstrates deliberate indifference contributing to the constitutional violations. (For comparison see HARPER v. Showers, 174 F.3d 716 (C.A. 5 Miss. 1999) ("Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody U.S.C.A. Const. Amend. 8.")

## IX  CONCLUSION

33. BLAKE reports that he was diagnosed with

Churg-Strauss syndrome in January 2013. BLAKE suffers from this incurable and life threatening disease. Churg-Strauss syndrome can be controlled by medications. Medications specifically ordered by physicians specialists to control inflammations of Churg-Strauss syndrome.

34. Despite the physician specialist orders of medications to control BLAKE's disease the medications were not ordered. BLAKE's condition worsened because he didn't get medication to treat Churg-Strauss disease.

35. BLAKE alleges that the defendants failed to monitor BLAKE's medications. BLAKE's health declined rapidly and that this negligence ultimately resulted in his ongoing inflammations, that had him going to 2(two) visits to hospital emergency rooms.

36. BLAKE suffers from physical pain, mental and emotional injuries in the forms of drowning in your own mucus, postramatic stress and hypoxia (memory loss). This directly resulting from the defendants blatant disregards to the specialist physicians medication protocol treating BLAKE's Churg-Strauss syndrome. In Siglor, infra the district court had relied in part on 42 U.S.C. sec 1997e(e), enacted as part of

13.

the Prison Litigation Reform Act (PLRA), which is entitled "Limitation on recovery" and provides: "No federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

37. However:

The court noted that there was no statutory definition of "physical injury" as used is Section 1999 e(e). Thus, "In absence of any definition of "Physical injury" in the new statue, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than de minimis, but need not be significant." Siglar, 112 F 3d at 193 "The question is whether amounts to a physical injury that can serve as the basis for his emotional suffering claim (Id, At 193).

## X   PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff respectfully prays

14.

that this court grant the following relief:

39. Issue a Declaratory judgement stating that defendants violated BLAKE's Eighth Amendment rights by not ordering medications to treat BLAKE's Churg-Strauss disease.

40. Issue a Permenant injunction against defendants requiring that, in the future, DOC employed Health Service staff check on inmate patients with "Serious medical needs" once per month.

41. DEFENDANT Candace Warner award plaintiff $20,000⁰⁰ and punitive damages.

42. DEFENDANT Toni Johnson award plaintiff $20,000⁰⁰ and punitive damages.

43. DEFENDANT Angela Stetter award plaintiff $20,000⁰⁰ and punitive damages.

44. DEFENDANT Warden Timothy Douma award plaintiff $10,000⁰⁰ and punitive damages.

45. DEFENDANT Edward Wall award plaintiff $10,000⁰⁰ and punitive damages.

46. DEFENDANT Lynn Dobbert award plaintiff $5,000.00 and punitive damages.

47. ~~DEFENDANT Roger Foster award plaintiff $5,000.00 and punitive damages~~

48. DEFENDANT Stacey Holmes award plaintiff $5,000.00 and punitive damages

49. DEFENDANT John Doe award plaintiff $10,000.00 and punitive damages

50. DEFENDANT Jane Doe award plaintiff $10,000.00 and punitive damages

51. Also
    Each named defendant, jointly and severally, pay any court costs, copies, postage, and attorney fees aquired by the plaintiff; and

52. Grant other just and equitable relief that this Honorable Court deems necessary

53. I declare under penalty of perjury the foregoing is true and correct.

Respectfully submitted

*(signature)*
Christopher Blake #217339
Redgranite Correctional
P.O. Box 925
Redgranite WI 54970

Dated: March 13th, 2017