IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER BLAKE,

OPINION AND ORDER

Plaintiff,

17-cv-220-bbc

v.

CANDACE WARNER, TONI JOHNSON
and ANGELA STETTER,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 20, 2018, I entered an opinion and order granting summary judgment to

defendants Candace Warner, Toni Johnson and Angela Stetter on all of pro se plaintiff's

Christopher Blake's claims against them. Dkt. #43. Additionally, I denied plaintiff's

motion to amend his complaint to add claims against a new defendant, Jamie Barker. Now

before the court is plaintiff's motion for reconsideration of the summary judgment decision

as well as the order denying plaintiff's motion for leave to amend his complaint. Dkt. #47.

In granting summary judgment to defendants, I concluded that plaintiff had failed to

show that any of the defendants acted with deliberate indifference to his serious medical

needs. In denying plaintiff leave to file an amended complaint, I concluded that plaintiff's

request came too late in the case and the record did not support a deliberate indifference

claim against Barker. Plaintiff's motion for reconsideration does not cite any evidence or

legal authority that undermines these conclusions. Instead, he repeats the same arguments

1

I considered and rejected previously. He also argues that his claims should have survived summary judgment because defendants offered him a settlement early in the case. However, any settlement discussions are irrelevant to whether plaintiff submitted sufficient evidence at the summary judgment stage to show that there was a genuine factual dispute regarding his deliberate indifference claims. For these reasons, I am denying plaintiff's motion.

After he filed his motion for reconsideration, plaintiff also filed a motion for extension of time to file his appeal. Dkt. #48. He then filed a notice of appeal. Because plaintiff filed a motion for reconsideration within 28 days of the entry of judgment, his time for filing an appeal will run from the date his motion for reconsideration is resolved. Fed. R. App. P. 4(a)(4)(A). Therefore, plaintiff does not need an extension of his time to appeal.

ORDER

IT IS ORDERED that

1. Plaintiff Christopher Blake's motion for reconsideration, dkt. #47, is DENIED.

2. Plaintiff's motion for extension of time to appeal, dkt. #48, is DENIED as unnecessary.

Entered this 14th day of August, 2018.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge